IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RIGHT AT HOME, LLC, a Delaware limited liability company;<br><br>  Plaintiff,<br><br>  vs.<br><br>NEAL GAUDET, an individual; ALYSSA GAUDET, an individual; and GAUDET & COMPANY INC., an Alabama corporation;<br><br>  Defendants. | **8:20CV462**<br><br>**INJUNCTION** |

Pursuant to Federal Rule of Civil Procedure 65(d), the Court finds as follows: Plaintiff Right at Home (hereinafter sometimes referred to as "Franchisor") has established a substantial likelihood of success on the merits of its breach of contract claim and has shown there is a threat of irreparable harm to its reputation and goodwill absent enjoining defendants Gaudet & Company, Inc., Neal Gaudet, and Alyssa Gaudet (collectively, "Franchisees") from operating the Franchised Business[1] or a competing business, working for a competitor, or soliciting clients and referral sources in their former franchise territory. The Court further finds that the balance of harms and the public interest weigh in favor of granting an injunction. *See also* Filing No. 52, Memorandum and Order. Accordingly, in accordance with Section 17 of the Franchise Agreements at issue,

  **IT IS HEREBY ORDERED** that

---

[1] Capitalized terms in this Injunction have the same meaning as in the Franchise Agreements at issue in this action. *See* Filing No. 12, Ex. A; Filing No. 14, Ex. C.

1

I. Defendants Gaudet & Company, Inc., Neal Gaudet, Alyssa Gaudet, and any of their agents, servants, employees, attorneys, and others in active concert or participation with them:

1. Shall immediately cease to operate the Franchised Business and shall not thereafter, directly or indirectly, represent to the public or hold themselves out as a present franchisee of Right at Home.

2. Shall immediately and permanently cease to use, by advertising or in any manner whatsoever, any confidential information, marks, any distinctive forms, slogans, signs, symbols, logos, devices, methods, procedures, and techniques associated with the Right at Home business System, in particular all signs, advertising materials, websites, stationery, forms, and any other articles that display the marks.

3. Shall, upon demand by Right at Home, take such action as necessary to cancel, or if Right at Home requests, to assign any fictious or assumed name rights or equivalent registration filed with state, county, or city authorities which contain the names "RIGHT HOME" and "RAH STAFFING SERVICES," or any other service mark or trademark associated with the Right at Home System and shall furnish Right at Home with evidence satisfactory to Right at Home of compliance with this obligation within thirty (30) days of the date of this order.

4. Shall immediately and permanently cease using any entity used for operating the Franchised Business. In the event Gaudet & Co., Inc. subsequently operates any other business, it shall not use any reproduction, counterfeit, copy or colorable imitation of the Marks either in connection with such other business or the promotion thereof, that is likely to cause confusion, mistake or deception, or to dilute Right at Home's rights in and to the Marks and further, shall not utilize any designation of origin, description or representation that falsely suggests or represents an association or connection with Right at Home. Franchisees shall make such modifications or alterations to the Premises (including, without limitation, the changing of the telephone number) immediately as may be necessary to prevent any association with the Franchisor or the System and any business thereon subsequently operated by Franchisees or others, and shall make such specific additional changes thereto as the Franchisor may reasonably request for that purpose including, without limitation, removal of all distinctive physical and structural features identifying the System.

5. Shall immediately turn over to Right at Home the Confidential Information, Manuals, the passwords, codes and user names to access the Operations Manual in electronic format; all other manuals; client information and client lists (subject to any applicable state or federal laws, including but not limited to privacy laws), details

    of service to clients (subject to any applicable state or federal laws, including but not limited to privacy laws), supplier lists, records, files, electronic files, instructions, brochures, agreements, disclosure statements, relevant data bases and any materials provided by the Franchisor to the Franchisees relating to the operation of the Franchised Business.

6. Shall assign to Right at Home or its designee, all of their right, title and interest in and to Franchisees' telephone and facsimile numbers, Internet addresses, electronic mail addresses, and domain names and shall notify the telephone company and all listing agencies of the termination or expiration of the Franchisees' right to use any telephone and facsimile numbers, Internet addresses, electronic mail addresses, and domain names and any regular, classified, or other telephone directory listing associated with the Marks and authorize a transfer of same to or at the direction of Right at Home.

7. Shall, within three days of the date of this order, notify clients of termination of service and provide copies of that notice to Right at Home; and notify office staff, caregivers, and referral sources of the office closure.

8. Shall, within three days of the date of this order, contact Right at Home's corporate office to begin orderly transition of client care.

9. Shall complete orderly transition of care and closure of the office no later than 30 days after the date of this Order.

II. For a period of one and one-half (1½) years, from and after November 3, 2020, defendants Neal and Alyssa Gaudet, and their successor and assigns:

1. Shall not, whether as an agent, consultant, independent contractor, owner, stockholder, partner, director, officer, manager or otherwise, engage or become interested in, own, organize, finance, lease, operate or invest in any business which engages in the services and business of the Franchise and the Franchised Business within a radius of 10 miles from the outer boundaries of the following Zip Codes: 36509, 36523, 36528, 36541, 36544, 36582, 36608, 36609, 36619, 36675, 36688, 36693, 36695, 36511, 36526, 36527, 36530, 36532, 36535, 36542, 36549, 36555, 36559, 36561, 36564, 36576, 36580 ("the restricted area").

2. Shall not become an employee of any business which engages in the services and business of the Franchise or the Franchised Business anywhere within a radius of 10 miles from the outer boundaries of the restricted area.

3. Shall not, directly or indirectly, solicit, call on, attempt to solicit, or attempt to call on any of the then current or past customers, accounts, or clients served by the Franchised Business for the purpose of inducing such customers, accounts, or clients to become a customer, account, or client of any party in competition with the business of the Franchisor, the Franchise, or the Franchised Business.

4. Shall not, directly or indirectly, solicit, call on, attempt to solicit, or attempt to call on any of the then current or past referral sources and contacts utilized by the Franchised Business during Neal Gaudet's and/ or Alyssa Gaudet's affiliation with the Franchised Business, for the purpose of utilizing those referral sources or contacts to obtain customers or business for any party in competition with the business of the Franchisor, the Franchise, or the Franchised Business.

Dated this 29th day of January, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge