IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RIGHT AT HOME, LLC, a Delaware limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>NEAL GAUDET, an individual; ALYSSA GAUDET, an individual; and GAUDET & COMPANY INC., an Alabama corporation;<br><br>Defendants. | 8:20CV462<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motion to dismiss or in the alternative to stay (Filing No. 21) to stay pending arbitration. This is an action for declaratory and injunctive relief for alleged breaches of Franchise Agreements and attendant restrictive covenants. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

Defendants' move to dismiss or stay under in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976), which provides that a federal court may, in various circumstances, abstain from hearing a case when there are parallel proceedings in state court and exceptional circumstances warrant abstention. They contend that plaintiff Right at Home, LLC ("Right at Home") and defendant Gaudet & Company, Inc. ("Gaudet & Company") are parties to an action presently pending in Alabama state court that concerns the same issue as that involved in this action—"the fundamental question of whether Defendants breached the Franchise Agreements." Filing No. 22, Brief at 6; *see* Filing No. 22-1, Ex. A, *Whitlow v. Right at Home, et al.*, No 02-cv-2019-900248 (Cir. Ct. Mobile Cnty., Ala. Jan. 24, 2019)

1

(hereinafter, "*Whitlow* " or "the Alabama action"), complaint. They assert that the Alabama state court "has made significantly more progress and thus, has priority." *Id.* at 8-9. The defendants also contend that Right at Home has waived any reliance on the forum selection clauses in the Franchise Agreements at issue herein by filing to assert them in state court.

I.  FACTS

Some facts are set forth in the Court's order on the plaintiff's motion for a preliminary injunction and need not be repeated here. *See* Filing No. 52, Memorandum and Order at 1-10. The record shows the *Whitlow* case was originally filed as a wrongful death action by the personal representative of the estate of a deceased Gaudet & Company client, Emmet Sellers, against Right at Home, Gaudet & Company, and Shantonia Ross, an employee of Gaudet & Company. Filing No. 22-1, Ex. A, *Whitlow*, complaint; Filing No. 22-2, Ex. B, *Whitlow*, amended complaint, Filing No. 22-3, Exhibit C, *Whitlow*, second amended complaint. The Court has been informed that the plaintiff and defendants in the *Whitlow* have entered into confidential settlement agreements and the litigation has been concluded as to the underlying claims. Filing No. 39, Hearing Transcript at 10. *Whitlow* remains pending Right at Home's cross claims against Gaudet & Company for contractual and common law indemnity, negligence, negligence in procuring of insurance, breach of contract to procure insurance, and bad faith[1] and on Gaudet & Company's "compulsory counterclaim" against Right at Home for breach of oral agreement to purchase the franchise, intentional interference with contracts and business relationships, bad faith, breach of

---

[1] Defendants explain that "[g]iven the close relationship between Right at Home's indemnification claims and [*Whitlow*], Right at Home may have faced an argument from Gaudet & Company that Right at Home waived its right to indemnification if it failed to raise the issue as a crossclaim in that action." Filing No. 47, plaintiff's Brief in Opposition at 5 n.2

2

duty of good faith and fair dealing, fraud, misrepresentation, breach of fiduciary duties and breach of loyalty in filing the federal suit, and a conflict of interest. Filing No. 22-4, Ex. D, *Whitlow*, cross-claim; Filing No. 22-6, Ex. F, *Whitlow* case, compulsory counterclaim. Dispositive motions on both parties' state-court claims are also pending. Filing No. 22-5, Ex. F, *Whitlow*, Gaudet & Company's motion to dismiss; Filing No. 48-3, Ex. 3, *Whitlow*, Right at Home's motion to dismiss. Right at Home's allegations of negligence in the Alabama action are for filed this action for declaratory and injunctive relief in federal court on November 3, 2020. Filing No. 1, Complaint. Gaudet & Company filed its counterclaim after Right at Home commenced this action. Filing No. 22-6, compulsory counterclaim (filed on December 2, 2020). Also, defendants Neal and Alyssa Gaudet moved to intervene in *Whitlow* on December 9, 2020, and Right at Home opposes that motion. *See* Filing No. 48-1, Ex. 1, *Whitlow*, motion to intervene; Filing No. 48-2, Ex. 2, *Whitlow*, opposition.

The Franchise Agreements at issue herein provide that they are to be governed by the law of the State of Nebraska and the parties agreed to Nebraska as the choice of forum. *See, e.g.*, Filing No. 12, Ex. A, 2015 Franchise Agreement at 49, § 28.1. The parties also agreed to settle disputes by binding arbitration, except for actions for equitable relief. *Id.* at 50-51, §§ 29.2, 29.3.1

II. LAW

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River, 424* U.S. at 817. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Moses H. Cone Mem'l Hosp. v. Mercury*

3

*Constr. Corp.*, 460 U.S. 1, 14 (1983) (quoting *Colo. River*, 424 U.S. at 813). "'Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'" *Id.* (quoting *Colo. River*, 424 U.S. at 813); *see also Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (noting that, under *Colorado River*, a federal court may divest itself of jurisdiction by abstaining only when parallel state and federal actions exist and exceptional circumstances warrant abstention).

State and federal proceedings are parallel for purposes of *Colorado River* abstention when substantially similar parties are litigating substantially similar issues in both state and federal court. *Fru-Con Constr. Corp.*, 574 F.3d at 535; *see also United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010). In the Eighth Circuit, however, "[t]he pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient." *Fru-Con Const. Co.*, 574 F.3d at 535. "Rather, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.*

A necessary premise to application of *Colorado River* abstention is that parallel state and federal proceedings are pending. *United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010). Determining whether parallel proceedings exist involves comparing the sources of law, required evidentiary showings, measures of damages, and treatment on appeal for each claim. *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013). And "[w]hen any doubt exists as to the parallel nature of concurrent state and federal

4

proceedings, the district court cannot utilize *Colorado River* to refuse its jurisdiction." *Id.*; *see also Rice*, 605 F.3d at 476.

Even if parallel proceedings exist, "'u]nder the standard articulated in *Colorado River*, a federal court should only abstain from a case in which there are parallel state proceedings for 'exceptional circumstances.'" *Rice*, 605 F.3d at 476 (quoting *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008)). The "articulated nonexclusive factors relevant to the existence of such exceptional circumstances" include "the assumption by either court of jurisdiction over a *res*, the relative convenience of the fora, avoidance of piecemeal litigation, the order in which jurisdiction was obtained by the concurrent fora, whether and to what extent federal law provides the rules of decision on the merits, and the adequacy of state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86 (1995); *see Moses H. Cone*, 460 U.S. at 14; *Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015) (listing six *Colorado River* factors). Those factors are not applied as a mechanical checklist, but rather are weighed " 'in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Spectra*, 806 F.3d at 1121 (quoting *Moses H. Cone*, 460 U.S. at 16). Application of the *Colorado River* factors requires case specific balancing, with the balance heavily weighted in favor of the exercise of jurisdiction to avoid piecemeal adjudication. *Moses H. Cone,* 460 U.S. at 16.

However, the determination of whether to exercise jurisdiction over a declaratory judgment is governed by a different standard—"district courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings (and need not point to "exceptional circumstances" to justify their actions)." *Wilton*, 515 U.S. at 286 (referring to the continued validity of *Brillhart v.*

5

*Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)). Under *Wilton/Brillhart*, a district court's determination whether to exercise jurisdiction over a declaratory judgment action in which there are parallel state court proceedings is governed by a broad discretionary standard. *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005). In the declaratory judgment context, "obligatory jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*

Though district courts are granted broader discretion to abstain in declaratory judgment actions under the *Wilton/Brillhart* abstention doctrine, the doctrine continues "to require federal-state parallelism." *Fru-Con Const. Corp.*, 574 F.3d 527, 537 (8th Cir. 2009). "The broad discretion granted in *Wilton* does not apply when there are no parallel state court proceedings." *Scottsdale Ins. Co.*, 426 F.3d at 998-99 (noting that in the absence of parallel state court proceedings, it is less likely that the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding). When "'the state court proceedings involve parties, arguments, and issues different from those in the federal court proceedings[,]' the suits are not parallel. *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1006 (8th Cir. 2006). The threshold issue is whether parallel proceedings in state court were pending when a party brings a federal declaratory judgment action. *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1006 (8th Cir. 2006).

Whether it is appropriate for a district court to exercise its discretion to abstain in in a declaratory judgment action in which state court proceedings are not parallel requires consideration of at least six factors. *Cont'l Cas.*, 462 F.3d at 1006. "The relevant factors to consider are: (1) whether the declaratory judgment sought 'will serve a useful purpose in clarifying and settling the legal relations in issue'; (2) whether the

6

declaratory judgment 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding'; (3) 'the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts'; (4) 'whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending'; (5) 'whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and (6) 'whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable." ' " *Scottsdale Ins. Co.,* 426 F.3d at 998 (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)).

III.   DISCUSSION

The Court first finds that the Alabama action and this proceeding are not parallel suits, so *Colorado River* abstention is not applicable. The same parties are not litigating the same claims in different forums. The state and federal proceedings do not involve substantially similar parties. The injured plaintiff in *Whitlow* (the Sellers estate) as well as the alleged tortfeasor (Shantonia Ross) are not parties to this action. Right at Home's cross claim is against Gaudet & Company only. Neal and Alyssa Gaudet filed their motion to intervene in the Whitlow action only after this case was filed and the defendants moved to dismiss or stay it, a tacit acknowledgment that the parties in the Alabama action were not substantially similar.

Further, the claims and issues in the two cases are not substantially similar either. The Alabama litigation now revolves around indemnification and insurance

7

coverage issues. The wrongful conduct alleged by Right at Home in its cross claim against Gaudet and Company is failure to procure insurance. The cross claim involves indemnification and insurance issue that are not at issue herein. The wrongful conduct alleged by the Gaudets in *Whitlow* relates primarily to Right at Home's actions after the franchisor/franchisee relationship ended. Though the fact of, and the reasons for, the defendants' breach of the Franchise Agreements may be tangentially related to this action, the focus of this case is the enforcement of restrictive covenants. Resolution of the remaining issues in *Whitlow* is not likely to dispose of the claims or defenses in this action.

Also, the parties seek different relief in each case. Declaratory and equitable relief are at issue here. The damage remedy sought in *Whitlow* may trigger application of the arbitration clause, which is not at issue in this case. Further, it is not true that the Alabama action is more advanced. The discovery in the Alabama action related to the underlying wrongful death claim and not to the contract issues herein. The tenuous connection between the two cases does not compel a conclusion that the suits are parallel. When this action was filed, Gaudet had not yet filed its counterclaim in state court. That there are doubts about the parallel nature of the concurrent proceedings means that the Court cannot abstain from its unflagging obligation to assert jurisdiction in this case.

The finding that there are no parallel proceedings disposes of the defendants' motion under either the *Colorado River* or the *Wilton/Brillhart* doctrines of abstention. Nevertheless, even if the proceedings were found parallel, the Court would find that the defendants have not shown the exceptional circumstances necessary to invoke *Colorado River* abstention. Nor have the defendants shown that the relevant factors

8

under *Wilton* weigh in favor of abstention. Importantly, with respect to the exercise of the Court's discretion, Gaudet and Company did not assert its claims against Right at Home, and Alyssa and Neal Gaudet did not move to intervene in *Whitlow* until after this action was filed.

The defendants' arguments about waiver of the forum selection clause are misplaced. The defendants do not challenge the merits of the forum selection clause and *Whitlow* did not involve any forum selection issue because it was a wrongful death action and did not involve interpretation of the Franchise Agreements. The issue is of little relevance in light of the Court's denial of the motion to abstain. Accordingly,

IT IS ORDERED that:

1. The defendants' motion to dismiss or stay (Filing No. 21) is denied.
2. The defendants shall answer or otherwise respond to the plaintiff's amended complaint within fourteen days of the date of this order.

Dated this 4th day of February, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge